370 So.2d 798 (1979)
James R. HAWTHORNE, Appellant,
v.
STATE of Florida, Appellee.
No. 77-2733.
District Court of Appeal of Florida, Fourth District.
March 28, 1979.
Rehearing Denied May 31, 1979.
Victor Tobin, Ft. Lauderdale, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Mary E. Marsden, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Affirmed.
CROSS and LETTS, JJ., concur.
DAUKSCH, J., concurs specially.
DAUKSCH, Judge, concurring specially:
While I concur in the result reached by the majority, I feel it necessary to comment about this appeal. Appellant has urged the trial court erred in sentencing him. He has not challenged, and cannot challenge the conviction because he was convicted after pleas of nolo contendere to the charges of violations of securities laws and did not reserve the right to appeal any of the court's rulings made prior to the pleas.
In studying this case I was first struck by the allegation in appellant's brief that he was sentenced to hard labor. If this was true we would correct the sentence or reverse for resentencing, of course. Lemley v. State, 362 So.2d 691 (Fla. 4th DCA 1978).
I have examined each of the sentences and in none of them was the appellant sentenced to hard labor. The sentencing documents are not unclear and nowhere are the words "hard labor" to be found.
Next appellant urges he was sentenced to pay a fine of $10,000.00 for all counts of which he was convicted and when he failed to pay the fine he was called back to court, over a year later, and resentenced to time in the State prison, four consecutive two year sentences. Of course, we would reverse a sentence which imposed a jail term for non-payment of a fine. Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971). If the appellant fell within the guidelines of Tate v. Short, supra, and those following, such a sentence is denial of equal protection of law for indigent persons.
From the record it is evident the appellant entered his pleas in accordance with certain negotiations between the state, the judge, the appellant's lawyer and the appellant. It is quite apparent that the appellant understood the negotiations and the final agreement and that the appellant was willing to accept the terms of the agreement. In exchange for the acceptance of the nolo contendere pleas and the forebearance from placing the appellant in prison it was agreed the appellant would pay a fine of $10,000.00. There has never been a contention on the part of the appellant, or anyone, that the appellant was at any relevant time indigent and unable to pay the fine because of inadequate funds, and more importantly, nothing in the record to support such a contention. There is no testimony from the appellant in that regard and *799 his counsel, in his brief, said the failure to pay was not because of indigency, but because the appellant "was in fear of his life." His lawyer at sentencing advised the court the appellant was willing to sell his $20,000.00 trailer to pay the fine. His attempted explanation in regard to life-threatening circumstances were so vague and insubstantial to border upon ludicrous. The fact that the appellant left the jurisdiction and did not return until caught a year and half later, without an attempt to contact his lawyer or the judge should confirm anyone's suspicion of his inadequate explanation. His counsel, at sentencing, recognized the court had the right to impose the fine as a condition of probation and failing in that to impose a sentence of incarceration. He argues that but for "technical errors" (his words) the procedure would be proper. I disagree there was sufficient technical error to constitute a due process violation. I will say, though, that the unusual procedure should not be established as a common practice, in my opinion.
The sentencing transcript reveals the court, the appellant's attorney and the appellant in accord as follows:
THE COURT: I will do it in this instance, that the defendant will enter his plea; waive a presentence investigation; and the Court will adjudicate him guilty; and the Court will impose a fine, that the court has a right to vacate the sentence imposed; and the Court has a right to bring him back to the State of Florida and sentence him as though he were pleading to an open plea; and that would not preclude the possibility that the Court would impose a prison sentence upon the defendant.
.....
APPELLANT'S ATTORNEY: The defendant is content. We made our negotiations. We will accept the Court's condition, and we have proffered our no contest plea.
.....
THE COURT: ... . There being nothing sufficient said as to why the Court should not adjudicate and impose sentence, the Court having found you guilty of all eight Counts, does hereby find you guilty of Counts I, II, III, IV, V, VI, VII and VIII of Information 75-0903 CF, and nothing sufficient said why sentence should not be imposed, the Court herein imposes a fine of $1,250.00 as to Count I; $1,250.00 as to Count II; $1,250.00 as to Count III; $1,250.00 as to Count IV; $1,250.00 as to Count V; $1,250.00 as to Count VI; $1,250.00 as to Count VII; $1,250.00 as to Count VIII; the Court grants your attorney an extension of time of sixty days to pay this $10,000.00 fine with a submitted position that I want you to state on the record in the event that within sixty days the fine has not been paid, and you will be required at this time to sign extradition papers for this purpose, that you will allow yourself to be extradited from the State of Nevada, if that's where you are, or whatever place you are at, and the Court will have a right to vacate this sentence being imposed; and the Court will have a right to impose a sentence suitable to the Court at that time, which might also include a period of incarceration.
Are you willing to accept under those negotiation?
THE DEFENDANT: Yes.
.....
THE COURT: Before you sign that, let me state one thing for the record. Mr. Hawthorne, the sentence is imposed this morning, but the sentence is not formally recorded until the day the fine is paid and received by the Clerk of the Court.
THE DEFENDANT: Okay.
THE COURT: So until such time as it is recorded, it is not an official sentence, which means I will vacate what I ordered, but there will not be anything of record that will be appealable, and that's my intent. Are you conceding to that?
THE DEFENDANT: Right.
While there is little question the procedure followed here was unusual and the condition placed upon deferral of the sentence *800 is not common or even desirable there is no question it was to the greater benefit of the appellant, who now complains when the inevitable alternative was imposed, than it was to anyone else. In addition there was no question this appellant knew the consequences of his refusal to live up to his obligation. The only question I have, and the reason for this concurring opinion, is how it could be urged in good faith that the trial judge is at fault. Perhaps the question is answered when we consider the first point mentioned, the appellant was deceptive, to put it nicely, when he led us to believe he received a sentence at hard labor. Appellate courts, especially this one, have enough to do to keep up with the meritorious appeals.